[Civil No. 3888.   Filed December 6, 1937.]

[73 Pac. (2d) 1349.]

In the Matter of JOHN L. SWEENEY, a Member of the State Bar.

Mr. James E. Nelson, for the State Bar.

Messrs. Wilson, Wood & Compton, for Respondent.

LOCKWOOD, J.—This is an original proceeding in disbarment in this court, instituted by the State Bar against John L. Sweeney, hereinafter called respondent. There were five charges of unprofessional conduct filed against him, which were first investigated by a special local committee, which took evidence and made its report and findings to the Board of Governors of the Bar. Thereafter, the board had a hearing, at which further evidence was submitted, and dismissed charge No. 3, transmitting the other four charges, together with the evidence taken by both committees, to this court for its consideration.

The charges are: (a) That respondent procured one Robert L. Holm to testify falsely in a certain divorce proceeding in the superior court of Navajo county; (b) that he procured one Cornelius J. Mossey to testify falsely in the same case; (c) that he procured one C. A. Rushing to testify falsely in a certain criminal case, wherein Holm was defendant; and (d) that he procured Holm to testify falsely in the same criminal case.

  That such conduct, if true, is a violation of professional ethics in the highest degree, and deserves the severest punishment, cannot be questioned. Respondent, however, denies that he is guilty of any of the misconduct charged, and the issue of fact raised by the charges and the denial is the matter which we must try.

  ██ In proceedings involving the punishment of practicing attorneys for violation of the legal code of ethics, this court sits as trier of the issues of fact, as well as of law, perhaps the only case in which this is done. We have previously laid down a rule, which should govern us in determining the guilt or the innocence of any attorney who is charged with unprofessional conduct, in the following language:

  "We are of the opinion that while disbarment proceedings are not, strictly speaking, criminal in their nature, they are *quasi* so, and, while the evidence need not necessarily show beyond a reasonable doubt that a respondent has been guilty of unprofessional practices, it must at least be clear and convincing to that effect, before we should impose a penalty therefor." *In re Myrland*, 43 Ariz. 126, 29 Pac. (2d) 483.

  With this rule for our guidance, we have carefully examined the evidence in the case. So far as charge (a) is concerned, it is dependent entirely upon the testimony of Holm, which testimony is contradicted directly by respondent and two witnesses. So far as charge (b) is concerned, it is supported only by the testimony of Mossey, and is contradicted by respondent directly and impliedly by the testimony of three witnesses. So far as charge (c) is concerned, it is denied by respondent, and his denial is impliedly supported by certain circumstances which appear in the evidence. And so far as charge (d) is concerned, it is again supported only by the evidence of Holm.

The question, then, resolves itself into one of the veracity of the witnesses. Respondent, so far as the record shows, has been a practicing attorney in this state for nearly twenty years, and no charges of unprofessional conduct on his part have previously been brought to the attention of this court. On the other hand, Holm is proven by his own testimony to have been guilty of many offenses against the law, and it appears that even after he had pleaded guilty to the charge of perjury in the divorce case above referred to and been given a suspended sentence, he endeavored to secure false credentials from a friend in Winslow in order to secure employment in Los Angeles, and showed by the letter requesting these false statements that he was utterly lacking in any sense of moral responsibility. To hold, on the testimony of a witness like Holm, that respondent was guilty of the most outrageous unprofessional conduct, would be unreasonable.

We have no hesitation in holding that charges (a), (c), and (d) not only are not sustained by clear and convincing proof, but are against the weight of the evidence. So far as charge (b) is concerned, there is nothing in the record attacking the previous character or reputation of the witness Mossey. It does appear, however, that his statements in regard to the transaction are not only denied by respondent, but are impliedly contradicted by the evidence of other witnesses. We think the preponderance of evidence is with respondent on this charge also.

There is one thing, however, which appears in the record that we think we should mention for the benefit of the Bar in general, although it is not material to the determination of this case. It appears therefrom that there is a practice, more or less prevalent in this state, of procuring what might almost be called "overnight" divorces on insufficient evi-

dence. This is done by preparing a complaint signed by plaintiff, accompanied by a waiver of the issuance and service of summons, and an entry of appearance, with a consent that the case may be heard immediately signed by defendant, all of which are prepared by counsel for plaintiff. They are filed simultaneously, and the trial court is asked to hear the matter immediately. At the hearing, the only corroborating evidence offered is in regard to the residence of the plaintiff. We think this matter of hearing divorce cases, while not specifically prohibited by the letter of the law, certainly smacks strongly of a violation of the spirit of section 2181, Revised Code 1928, and the practice of granting a divorce when the corroborating evidence goes only to the residence of the plaintiff is, in our opinion, a violation of the specific terms of that section. Under it, we think the corroborating evidence must go not only to the residence of the plaintiff, but to all the material allegations of the complaint necessary to sustain a decree of divorce. So far no case has come before us on appeal involving this matter, but it may do so at any time, and our remarks are made for the guidance of the Bar in future divorce proceedings.

Proceedings quashed.

McALISTER, C. J., and ROSS, J., concur.