[Civil No. 4265.   Filed October 7, 1940.]

[105 Pac. (2d) 1114.]

In the Matter of GEORGE F. MACDONALD, a Member of the State Bar.

Mr. E. G. Frazier, for State Bar of Arizona.

Mr. George F. Macdonald, Respondent, *in propria persona.*

LOCKWOOD, J.—George F. Macdonald, hereinafter called respondent, a lawyer regularly admitted to prac-

tice before this court, was on January 20, 1940, cited to appear before the local administrative committee of the Arizona State Bar, in and for Maricopa County, to answer charges of unprofessional conduct. The charges against him were substantially as follows: (a) That he solicited employment of one K——, advising her that he could recover certain moneys she claimed to be due her, and received from her an advance payment on a contract for recovery, when he was informed and should have known as a lawyer that it was impossible for him to conduct successfully the litigation in question; (b) that he personally and by mail solicited employment and was employed as a result of such solicitation to recover money for over forty clients from certain defunct building and loan associations; (c) that as a result of such solicitation and employment he did collect various sums for some ten or eleven clients, but failed and neglected to pay them their share of the proceeds of such collections, and made no accounting thereof until after repeated efforts of the clients to secure the money, and in some cases not until after charges of unprofessional conduct were filed against him; (d) that he solicited employment from one J——, representing that he could successfully maintain a suit, and collected $50 advance costs, but that he never filed such suit.

A hearing was held before the committee and evidence taken and, after deliberation, the committee reported that in its opinion all of the charges, except (d), were fully sustained by a preponderance of the evidence, and recommended that respondent be disciplined by being disbarred from the practice of law. The matter was thereafter submitted to the board of governors of the State Bar, which took further evidence, and ordered that the record be forwarded to this court, with a recommendation for a suspension of re-

spondent. The matter is now before us for consideration.

■ As we have said before, this is the one class of cases in which this court is required to act as a trier of fact upon the evidence submitted to it. We have carefully examined the transcript of the evidence at the hearing before the committee and before the board of governors. No purpose will be served by setting it forth. It is sufficient to say we are of the opinion that the findings of the committee are in accord with the evidence as submitted, and, therefore, affirm such findings.

The question before us is as to our action on the findings. All attorneys of this court are required to observe the canons of ethics of the American Bar Association, which have been adopted by us as a standard. Among them we find the following:

"Canon 27. . . . But solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by personal relations, is unprofessional. It is equally unprofessional to procure business by indirection through touters of any kind, . . .

"Canon 15. The lawyer owes 'entire devotion to the interest of the client, warm zeal in the maintenance and defense of his rights and the exertion of his utmost learning and ability,' to the end that nothing be taken or be withheld from him, save by the rules of law, legally applied. . . . "

■ The evidence shows that respondent has violated both of these canons, not only once but repeatedly. He has, by his own admissions, solicited employment in many cases, and has failed to pay over to his clients money due them, as a result of collections, for an unreasonable period of time, in many cases not doing so until after these charges had been filed against him. The excuses which he offers for this conduct are not satisfactory, nor such as would justify or excuse it.

He also offers as an excuse for his conduct under charge (a) that he believed in good faith that he could successfully conduct an action on behalf of his client on the subject matter of his employment. The record, however, shows that he was fully aware of facts which rendered such a belief unreasonable in anyone who is familiar with the rules of law. We are, therefore, necessarily required to find the respondent guilty of gross unprofessional conduct, and the only remaining question is the penalty.

■ While the statute does not require that the board of governors make any recommendations in transmitting to us the record of proceedings in disbarment, we believe that such recommendations, representing the opinion of some of the leading members of our bar, are entitled to serious consideration.

■ This is the first time respondent has been before us on charges of this nature. The purpose of proceedings of this nature is not so much to punish the offender, as to protect the public against those who represent themselves as qualified to serve the interests of that public in legal matters, but who through ignorance or misconduct are not fit to do so. If it appears from the entire record that one accused of professional misconduct is so unfit to continue in the practice of his profession that he cannot, consistent with the interests of the public, be permitted to do so, our duty requires that he be permanently disbarred. If, however, we believe that milder measures will accomplish his reform so that he may eventually become fitted to discharge the high functions with which he is entrusted, we may be permitted to temper justice with mercy, and to inflict a lesser penalty.

Upon the whole case we are of the opinion that in pursuance of these principles, the respondent should be suspended from the practice of law in this state for a period of two years, with leave at the end of such

period to apply for reinstatement, which will be granted upon a proper showing that his future conduct will be in accordance with the canons of ethics.

ROSS, C. J., and McALISTER, J., concur.