267 P.2d 1074

In re SWEENEY.

No. 5787.

Supreme Court of Arizona.

March 15, 1954.

James P. Boyle, Jr., Prescott, for State Bar of Arizona.

John L. Sweeney, in pro. per.

Edwin Beauchamp, Charles Donofrio, Jr. and Charles Crehore, Phoenix for respondent.

PER CURIAM.

The respondent John L. Sweeney, a member of the Arizona State Bar, was cited to appear on June 15, 1951, before the Local Administrative Committee of the State Bar for District No. 1 for alleged misconduct in (1) wilfully procuring another person to commit perjury in the case of State v. Barrow, a case arising in Navajo County, and (2) in failing to abide by an oral agree-

ment made with the defendant in a divorce action while acting as attorney for the plaintiff, and by further accepting employment as counsel for said defendant in a child-custody proceedings in the same case and receiving compensation therefor. The matter was continued by the Local Administrative Committee from time to time to permit the taking of testimony until the 14th of December of 1951, and throughout respondent was represented by able and distinguished counsel. On August 21, 1952, the Local Administrative Committee made its recommendations to the Board of Governors of the State Bar recommending disbarment of respondent on the foregoing charges. Thereafter, on April 9, 1953, the Board of Governors of the State Bar recommended to this court the disbarment of respondent, and the matter is now before us for decision.

■ Seven assignments of error have been presented to this court attacking the procedure followed by the Local Administrative Committee, and the sufficiency of the evidence to support the recommendation of disbarment made by the State Bar. Insofar as the procedural questions are concerned it does not appear that any hardship resulted to respondent or that he was in any way prejudiced by the matters to which he now takes exception. On the contrary, he either concurred in or requested the continuances from time to time, and, except perhaps in the instance where the Local Administrative Committee permitted the prosecuting attorney and his assistant to conduct examinations of witnesses appearing before the Committee, no possible prejudice could have ensued to respondent. It appears that both the county attorney and his assistant prosecuted the criminal case of State v. Barrow and the perjury case which resulted therefrom, and they were attorneys who appeared for the defendant in subsequent proceedings in the divorce action.

■ While in this instance we find that respondent was not in any manner prejudiced as a result thereof, we are obliged nevertheless as a guide to the bar in the future to express our disapproval of the use of adverse counsel as hearing examiners before any committee inquiring into the professional conduct of members of the bar. However, we think that the procedural objections clearly come within the provisions of Rules of the Supreme Court, Rule I (C) 29 which provides:

"* * * No findings or recommendations made in any proceeding shall be invalidated for error in pleading or in procedure or upon any other ground, unless upon review it shall appear from the entire record, including the evidence, that error has been committed which has resulted or will result in a miscarriage of justice."

■ This court has heretofore determined that evidence of unprofessional conduct of attorneys must be clear and

convincing before disciplinary action is taken, and it is the duty of this court to sit as triers of both fact and law on such occasions. In re Myrland, 43 Ariz. 126, 29 P.2d 483; In re Sweeney, 51 Ariz. 9, 73 P.2d 1349; In re Lewkowitz, 70 Ariz. 325, 220 P.2d 229. Insofar as respondent's conduct in the divorce and child custody matter is concerned, the evidence before the State Bar does not meet the standard of being clear and convincing, and the recommendation of the State Bar cannot be sustained on that count.

However, with respect to the more serious charge of procuring perjured testimony, no other reasonable conclusion can be reached than that the respondent was guilty thereof. The specific charge was that respondent procured Ruth Barrow, Minor Renfro, Leroy Williams and E. J. Hall to state under oath material matters to be true which each of said individuals knew to be false. All have admitted they testified falsely while under oath.

Ruth Barrow flatly and unequivocally testified before the examiner that she gave such perjured testimony as a result of the direct urging and importuning of the respondent. As to the Negro witnesses Renfro, Williams and Hall, while it is true there is no evidence that they were directly contacted by the respondent and urged to change the damaging testimony previously given by them against defendant John E. Barrow (husband of Ruth Barrow), yet the evidence does show that the emissaries of respondent contacted them with a message for "the colored people to stick together". Thereafter all three gave testimony that was admittedly perjured. This evidence is certainly corroborative of the direct testimony of Ruth Barrow, that respondent procured the giving of such perjured testimony. The evidence taken as a whole, we believe, meets the "clear and convincing standard" required in cases of this character.

The evidence before the Committee as to respondent's efforts to procure the false testimony of Ruth Barrow in the criminal case against her husband indicates clearly the truth of the charge. An examination of the entire file, including the correspondence therein and the transcript of proceedings before the Committee permits no other conclusion than that respondent actively procured such perjured testimony.

Such conduct on the part of any attorney vitally affects the integrity of our judicial system and merits but one action by this body. It is therefore ordered that respondent be disbarred from the further practice of law in this state.

LA PRADE, J., having disqualified himself, the Honorable GORDON FARLEY, Judge of the Superior Court of Santa Cruz County, participated in his stead in the determination of this matter.