382 P.2d 239

**Edward RUEDA and Rosario Rueda, husband and wife, Appellants,**

**v.**

**Maria GALVEZ, wife of F. Galvez, Appellee.**

**No. 7268.**

Supreme Court of Arizona.

In Division.

May 29, 1963.

Richard G. Johnson, Mesa, for respondent.

Mark Leibsohn, Phoenix, for State Bar.

PER CURIAM.

Charges were filed on December 19, 1960, against Respondent, W. Roy Tribble, a member of the State Bar of Arizona, charging him with violation of Section 27 of the Canons of Professional Ethics entitled "Advertising, Direct or Indirect", and Section 28 of the Canons of Professional Ethics entitled "Stirring Up Litigation, Directly or Through Agents". At a hearing before the Local Administrative Committee, District No. 4, held on February 11, 1961, the Committee found that the Respondent sent a letter to a person involved in an accident, advising the person that Respondent was an attorney with special proficiency in such cases, was a witness to the accident, and offering to handle the case if the person had no other attorney. At the hearing Respondent appeared with counsel and admitted the authorship and the sending of the letter in question. The Committee felt Respondent regretted his action and had not engaged in any similar practice since the sending of the letter. It was the unanimous opinion of the Committee that no disciplinary action other than a public reprimand be taken against the Respondent.

A transcript of the proceedings before the Committee was then sent to the Board of Governors of the State Bar of Arizona, and a hearing was held by the Board at which the Respondent and two other witnesses were present and testified. The Board of Governors then ratified and confirmed the findings of the Local Administrative Committee and recommended to this Court that a reprimand be made of the Respondent.

Although this Court is the ultimate trier of facts in this type of proceeding, the facts are not in dispute in this case.

"Viewing the evidence in the light most favorable to plaintiff, we conclude that it was sufficient to support a finding 'that defendant company obtained a default judgment against plaintiff by false testimony known to defendant, its agents and employees to be false'." 295 S.W.2d at 848.

The evidence before us supports a similar finding, as we have previously held, Wisniski v. Ong, supra.

The majority opinion cites a list of cases said to support its view and to be the "great weight of authority." A perusal of the 30-page annotation beginning at 86 A.L.R. 2d 1190 which discusses the variations of view under at least ten subheadings will lead to the realization that there is not a consistent and clear cut rule worthy to be called the "weight of authority." In such circumstances the statistical method of selecting a rule is highly unsatisfactory. This is especially true when the rule adopted is opposed to that advocated by the learned specialists in this field:

"[T]he conviction of the plaintiff, in the original proceedings, in the trial court is prima facie evidence of the existence of probable cause, even though the conviction was reversed on appeal. *Such evidence is subject to refutation and, if rebutted by competent evidence, will not affect the result.* 2

Harper and James, Torts, § 4.5 pp. 315, 316 (1956). (Emphasis added.)

I would reverse the judgment and permit the plaintiff to have the day in court we granted her five years ago.