94 Ariz. 129 (1963)
382 P.2d 237
In the Matter of a Member of the State Bar of Arizona, W. Roy TRIBBLE, Respondent.
No. 7553.
Supreme Court of Arizona. En Banc.
June 5, 1963.
*130 Richard G. Johnson, Mesa, for respondent.
Mark Leibsohn, Phoenix, for State Bar.
PER CURIAM.
Charges were filed on December 19, 1960, against Respondent, W. Roy Tribble, a member of the State Bar of Arizona, charging him with violation of Section 27 of the Canons of Professional Ethics entitled "Advertising, Direct or Indirect", and Section 28 of the Canons of Professional Ethics entitled "Stirring Up Litigation, Directly or Through Agents". At a hearing before the Local Administrative Committee, District No. 4, held on February 11, 1961, the Committee found that the Respondent sent a letter to a person involved in an accident, advising the person that Respondent was an attorney with special proficiency in such cases, was a witness to the accident, and offering to handle the case if the person had no other attorney. At the hearing Respondent appeared with counsel and admitted the authorship and the sending of the letter in question. The Committee felt Respondent regretted his action and had not engaged in any similar practice since the sending of the letter. It was the unanimous opinion of the Committee that no disciplinary action other than a public reprimand be taken against the Respondent.
A transcript of the proceedings before the Committee was then sent to the Board of Governors of the State Bar of Arizona, and a hearing was held by the Board at which the Respondent and two other witnesses were present and testified. The Board of Governors then ratified and confirmed the findings of the Local Administrative Committee and recommended to this Court that a reprimand be made of the Respondent.
Although this Court is the ultimate trier of facts in this type of proceeding, the facts are not in dispute in this case.
*131 As we have said before,
"The purpose of disciplining lawyers is the protection of the public, the profession and the administration of justice, and not the punishment of the persons disciplined; * * *." In re Richey, 76 Ariz. 152, 154, 261 P.2d 673, 674.
The basic argument raised by counsel for Respondent is to the effect that this one infraction by the Respondent was an isolated single instance of unprofessional conduct, and does not fairly indicate that the public needs protection from the Respondent or that the Respondent is not a fit and qualified practitioner of the law. Although the acts of the Respondent were not recurring and could be construed as an isolated single violation of the Canons of Professional Ethics, the Canons make no reference to the fact that a certain number of infractions or offenses are necessary to merit disciplinary action. Although a recurring number of violations would affect the seriousness of the offense and the severity of the disciplinary action, nevertheless one single act may alone be sufficient to constitute a violation of the Canons and to require disciplinary action to be taken.
We have examined the record and feel disposed to follow the recommendations of the Local Administrative Committee and the Board of Governors, even though their recommendations are not binding upon us. It is our opinion that the ends of justice require that the Respondent, W. Roy Tribble, be publicly reprimanded for his conduct, and it is so ordered.
NOTE: Justice RENZ L. JENNINGS, having disqualified himself, the Honorable RICHARD ROYLSTON, Judge of the Superior Court of Pima County, Arizona, was called to sit in his stead and participate in the determination of this matter.