391 P.2d 917

**In the Matter of a Member of the State Bar of Arizona, Marlin E. BIXLER, Respondent.**

**No. 7921.**

Supreme Court of Arizona,

En Banc.

April 24, 1964.

Anis Mitchell, Phoenix, for the State Bar of Arizona.

UDALL, Chief Justice.

This is a disbarment proceeding. A complaint against Marlin E. Bixler, of Scottsdale, Arizona, accusing him of unprofessional conduct as a member of the Bar of this State was filed with the Local Administrative Committee, for District No. Four, of the State Bar.

This complaint was heard by the Administrative Committee. Respondent was not present, was not represented by counsel, and offered no evidence; the proceedings were reported by a reporter and a transcript of his notes is a part of the files. A majority of the Committee found respondent guilty of misuse of client's funds and recommended disbarment. A complete record of these proceedings, together with the Committee's recommendation, was lodged with the Board of Governors of the State Bar, as required by Rule 35 of the Rules of the Supreme Court, 17 A.R.S., and

the Board of Governors, without taking additional evidence and following respondent's failure to reply to the charges or appear before the Board of Governors, either in person or by attorney, after having been notified of the hearing, sent the complete record to this Court with a recommendation of disbarment. The findings and recommendations of the Committee and of the Board of Governors are as follows:

### "COUNT I

*"Findings:*

"On or about May 18, 1961, Attorney Marlin E. Bixler, hereinafter referred to as 'Respondent', was engaged as an attorney by Mrs. Lois Plasterer for the purpose of filing a divorce action on her behalf. In furtherance of this action, Respondent received One Hundred Dollars ($100.-00) as a retainer.

"Respondent failed to file the aforementioned divorce proceeding and despite repeated requests from Mrs. Lois Plasterer has failed and refused to return the retainer delivered to him.

"The committee finds that Respondent wilfully delayed client's action with a view to his own gain, in violation of Sections *32–265* and *32–267*, A.R.S., and that Respondent has misused the funds of his client in violation of Canon 11 of the Canons of Professional Ethics and Section *32–267*, A.R.S.

*"Recommendation:*

"That Respondent be disbarred."

### "COUNT II

*"Findings:*

"On or about April 11, 1961, Attorney Marlin E. Bixler received as escrow agent certain monies, to wit: Seven Hundred Thirty Dollars ($730.-00) from Louis Grill, Buyer, belonging to William R. Paynter, R.F.D. #2, Crestline, Ohio, Seller. After repeated demands and after one of Respondent's checks had been returned for lack of funds, the Respondent forwarded a check for Four Hundred Dollars ($400.00). The remaining Three Hundred Thirty Dollars ($330.00) is wholly unpaid, despite repeated demands by Mr. Paynter. The Committee finds that the Respondent commingled the said Three Hundred Thirty Dollars ($330.00) with money of his own and/or converted it to his own use, all in violation of Canon 11 of the Canons of Professionals Ethics and Sections 32–265 and 32–267, A.R.S.

*"Recommendation:*

"That Respondent be disbarred."

### "COUNT III

*"Findings:*

"That on or about the 15th day of February, 1961, Attorney Marlin E. Bixler was employed by H. A. French for the purpose of filing on behalf

of Mr. French a suit for the enforcement of a land sale contract entered into by and between Mr. H. A. French and Grace E. French, his wife, as Sellers of the H. A. French Lumber Company, Scottsdale, Arizona, and a Mr. Hamrick, as Buyer.

"The Respondent received from said H. A. French the sum of One Hundred Fifty Dollars ($150.00) as and for costs of the legal proceeding. The Respondent did not and has not commenced any proceedings on behalf of Mr. and Mrs. French, nor has the Respondent returned the One Hundred Fifty Dollars ($150.00) aforementioned or any part thereof, although demand has been made for the same by H. A. French, as well as by and through H. R. French, his son.

"The Respondent has commingled said funds with money of his own and/or converted said One Hundred Fifty Dollars ($150.00) to his own use, all in violation of Canon 11 of the Canons of Professional Ethics and Sections 32–265 and 32–267, A.R.S.

"*Recommendation:*
"That the Respondent be disbarred."

The Board of Governors of the Bar filed its recommendation with this Court on April 17, 1963. Respondent was notified of this action but has not requested to be allowed to file briefs or make oral argument. Rule 37 Rules of the Supreme Court states:

"Rule 37.   Proceedings Before Court; Brief and Oral Argument; Decision

"If the respondent desires to file briefs and make oral arguments on the record as to why the recommendations of the board should not be adopted, he shall file with the clerk of this court his request therefor within twenty days after the mailing of such notice. Following the filing of such request, this court shall fix a time for the filing of briefs by respondent and the examiner and for argument. Following the date fixed for such argument, or twenty days after the mailing of such notice if no request has been filed by respondent, this court shall consider the recommendations and the record and render its decision."

Having considered the record and the findings of fact, we adopt the recommendations of the Board of Governors of the State Bar.

The conduct of Respondent here is unconscionable and the Respondent is hereby disbarred. In re Steward, 96 Ariz. 49, 391 P.2d 911.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.