415 P.2d 109

**In the Matter of a Member of the State Bar of Arizona, Frank W. STEEL, Respondent.**

**No. 8747.**

Supreme Court of Arizona.

In Banc.

June 8, 1966.

John R. McDonald, Tucson, for respondent.

Michael A. Lacagnina, Stanley G. Feldman, Tucson, for the State Bar of Arizona.

LOCKWOOD, Justice.

Frank W. Steel (hereinafter called respondent), an attorney at law regularly admitted to practice before this Court was ordered to show cause before the Local Administrative Committee of the State Bar of Arizona for District No. 3, sitting at Tucson, Arizona on formal charges that he had received in trust from four clients, various sums of money, ranging from $500.-00 to several thousand dollars, to be used for the benefit of said clients; that he had comingled the moneys with his own or used them for his own benefit and failed to account to the clients for such moneys.

On October 16, 1965 a formal hearing was held before the Administrative Committee of District No. 3 of the State Bar of Arizona at which witnesses were examined. Although the respondent was informed of the time and place of the hearing, he did not appear, but John McDonald was present as attorney for the respondent. A complete transcript of the hearing was made.

Thereafter on November 17, 1965 the Administrative Committee made findings as follows:

"1. That the Respondent, Frank Steel, is a member of the State Bar of Arizona.

"2. In connection with Count I of the formal charges, Frank Steel, Respondent, on or about March 11, 1965, did receive the sum of $500.00, the trust property of Felix Lopez; and said Respondent has filed (sic) to report and account for said sum and has failed to apply the same toward its intended purpose, being for the purchase of real property in Pima Coun-

ty, Arizona by Felix Lopez, et ux, from Alonzo B. Martinex (sic) et ux, which conduct is contrary to Canon 11.

"3. In connection with Count II said Respondent, Frank Steel, on or about October 28, 1964, did receive from his client, Augustine A. Romero, the sum of $4,995.00; that said Respondent has failed to report and account for said sum and has failed to apply the same toward its intended purpose, being the payment of certain United States taxes owed by said Augustine A. Romero; that said Respondent has admitted (Ex. 6 in Evidence) the attorney-client relationship, and has admitted that he is insolvent and unable to pay the client these funds which said client has heretofore demanded, which conduct is contrary to Canon 11.

"4. In connection with Count III, Respondent, Frank Steel, on or about September 2 and 4, 1964, did receive the sum of $3,000.00, which was trust property belonging to the Estate of Onesima Loera, for which estate Respondent was acting as attorney and escrowee. Said Respondent has failed to report and account for said sum and has failed to apply it toward its intended purpose, being for the payment of part of the purchase price of certain real and personal property in Pima County, Arizona, purchased by Marcel Gabriel Meerbergen, all of which conduct is contrary to Canon 11.

"5. In connection with Court IV, said Respondent, Frank Steel, on or about July 3, 1964, did receive the sum of $15,000.00 which was the property of his client, Clyde Sebastian. Respondent did pay a part of it for and in behalf of his client, but has failed to report and account for the balance thereof, all of which conduct is contrary to Canon 11.

"6. In connection with Count V, the matters as alleged and stated therein are included within the other Counts of the Formal Charges, and said Count V is hereby dismissed.

## RECOMMENDATION

"The Respondent did not appear before this Committee in person but was represented by counsel, who advised the Committee that no defense was being presented and that Respondent would stand mute. There being no excuse, justification or explanation offered to the evidence, the Committee recommends that the Respondent, Frank Steel, be disbarred."

These findings together with the hearing transcript were forwarded to the Board of Governors of the State Bar.

The Board of Governors by vote of the majority of the entire Board affirmed the findings of the Local Administrative Com-

mittee and recommended to this Court that the respondent be disbarred.

After an examination of the record here presented we are convinced that the respondent is guilty of the improper and unethical acts set forth in the findings of the Local Administrative Committee and that our responsibility to the public and to the profession requires us to order that the respondent be disbarred. It is therefore ordered that respondent, Frank W. Steel be and is hereby disbarred from further practice of law in the State of Arizona.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.