429 P.2d 665

In the Matter of a Member of the State Bar of Arizona, Richard H. BAKER, Respondent.

No. 8998.

Supreme Court of Arizona,
In Banc.

July 7, 1967.

Clyde E. Douglas, Phoenix, for the State Bar of Arizona.

Richard H. Baker, in pro. per.

PER CURIAM.

This is a disbarment proceeding. A complaint against Richard H. Baker (hereinafter referred to as respondent) accusing him of unethical conduct as a member of the Bar of this state was filed with the Local Administrative Committee for District No. 4 of the State Bar.

This complaint was heard by the Administrative Committee at which time the respondent conducted his own defense. The proceedings were transcribed by a reporter and a transcript of these notes are a part of the files. A majority of the Committee found the respondent guilty of two of the charges and dismissed a third charge.

Thereafter on July 26, 1966, the Administrative Committee made the following findings:

"Respondent acted as attorney for Grace L. Ellenberger from 1956 until her death on September 23, 1963. On August 30, 1963, while Mrs. Ellenberger was ill and hospitalized, the Respondent was employed as attorney for Mrs. Ellenberger to take custody of approximately $1,700.00 of her funds and to pay her financial obligations and carry on her affairs.

"Approximately $1,700.00 of her funds belonging to Grace L. Ellenberger were entrusted to Respondent for these purposes. Said funds were not used for the purpose for which they were entrusted to Respondent, but were commingled with Respondent's own funds. Respondent admittedly converted the sum of $450.00 of said funds to his own use.

"Respondent has engaged in unprofessional and unethical conduct violative of the canons and ethics of the profession of an attorney at law including Canons 11 and 12 of the Canons of Professional Ethics, and Section 32–267(6) and (8) A.R.S.

"Respondent was employed as an attorney in April 1962, by Mr. Ted Fio Rito and in addition commencing in March

1964, as attorney for Ted Fio Rito Enterprises, Inc., a corporation. That during the years 1962 to October 1965, Mr. Fio Rito was engaged in the orchestra business. On behalf of himself and as President of Ted Fio Rito Enterprises, Inc. when it was organized Mr. Fio Rito entrusted Respondent with funds amounting to not less than $7,874.61 for the purpose of paying financial obligations of Mr. Fio Rito and for the purpose of carrying out the business affairs of Mr. Fio Rito and Ted Fio Rito Enterprises, Inc.

"The Respondent did not use the funds for the purpose for which they were entrusted to him, but commingled them with Respondent's own funds.

"Respondent admitted that he commingled the said funds and has not repaid any portion of the funds.

"Respondent has engaged in unprofessional and unethical conduct violative of the canons and ethics of the profession of an attorney at law including Canon 11 of the Canons of Professional Ethics and Section 32–267(6) and (8) A.R.S.

*"Recommendation:*

That Respondent be disbarred."

The transcript together with the Committee's findings and recommendation were filed with the Board of Governors of the State Bar, as required by Rule 35 of the Rules of the Supreme Court, 17 A.R.S. Although the respondent was notified of the hearing to be held by the Board regarding these charges, he did not appear either personally or by attorney. However, he did file a Statement in Opposition to the findings of the Committee with the State Bar. We find the respondent's objections to the Committee's findings without merit.

■ This Court has stated the duty of an attorney to his client as follows:

" * * * he is bound to discharge his duties to the client with the strictest fidelity, and to observe the highest and utmost good faith towards him, and if it appears that he has failed to do this, either through willful intent, gross negligence or professional ignorance, he is subject to discipline by the court, which discipline may extend to denying him the right to further practice his profession." In re Greer, 52 Ariz. 385, 391, 81 P.2d 96, 99.

■ After a search of the record we are convinced that the evidence supports the findings of the committee that the respondent reprehensibly breached the canons of professional ethics. Our responsibility to the public and the legal profession requires us to order that the respondent be disbarred from further practice in this state