446 P.2d 237

**In the Matter of a Member of the State Bar of Arizona, Sydney BLOCK, Respondent.**

No. 8903.

Supreme Court of Arizona.

In Banc.

Oct. 23, 1968.

Dushoff, Sacks & Corcoran, by Robert J. Corcoran, Phoenix, for respondent.

C. Randall Bain, Phoenix, for State Bar of Arizona.

UDALL, Vice Chief Justice:

This is a disciplinary proceeding against a member of the State Bar of Arizona, before this Court, pursuant to Rule 37, Rules of the Supreme Court, 17 A.R.S. The proceeding was initiated in the customary manner before the Local Administrative Committee of the State Bar of Arizona for District No. 4.

The Administrative Committee made the following findings of fact and recommendations with respect to each count contained in the Order to Show Cause:

### "COUNT I

"*Findings*:

"Respondent was the attorney appointed by the Court to represent a Defendant by the name of Gentile, charged with passing a bogus check. Respondent received from the Defendant's mother the sum of $100.00 in trust of said Defendant, to be used in making restitution to the recipient of said bogus check. Said money was not used for the purpose for which it was entrusted to Respondent, but was commingled with Respondent's own funds.

"On or about January of 1965, the Defendant's mother requested in writing that said funds be returned to her, and received the reply from Respondent that said funds had already been returned to her by mail.

"Defendant's mother did not, in fact, receive said funds through the mail, but thereafter, on or about July 14, 1965, Respondent did personally deliver to the Defendant's mother a money order for said funds.

"Respondent has engaged in unprofessional and unethical conduct violative of the canons of ethics of the profession of an attorney at law, including Canon 11 of the Canons of Professional Ethics, and Section 32–267, Paragraph 6, A.R.S.

"RECOMMENDATION: That Respondent be reprimanded."

### "COUNT II

*"Findings*:

"On or about August 1, 1962, Respondent was retained by Keith Justice to act as the attorney for the Executor for the Estate of Alice M. Justice, deceased, for which service Respondent was paid a fee in advance.

"During the course of administration of the estate, Respondent sold an automobile belonging to the Estate, for the sum of Five Hundred Dollars ($500.00) which $500.00 was received by the Respondent.

"Respondent commingled said $500.00 received by him for the sale of said automobile with his own funds.

"The Executor, in writing, inquired as to the disposition of said funds in April and July of 1964. In August of 1964, Respondent issued his checks to the Pima County Treasurer for $96.73 and to the Executor in the amount of $403.27, but said checks were not paid on account of insufficient funds.

"In May of 1965, a civil action was filed against the Respondent for the recovery of said funds, and judgment by default was entered against Respondent approximately one month later.

"Said funds have not been repaid to the Executor, and said judgment has not been satisfied, which facts are admitted by the Respondent.

"Respondent has engaged in unprofessional and unethical conduct violative of the canons of ethics of the profession of an attorney at law, including Canon 11 of the Canons of Professional Ethics, and Section 32–267, paragraph 6, A.R.S.

"RECOMMENDATION: That Respondent be disbarred."

The foregoing Findings of Fact and Recommendations were issued by the Committee the 28th day of June, 1966, pursuant to Rule 35(d) of the Rules of the Supreme Court of the State of Arizona.

Thereafter, the respondent, in response to the notification of the action taken by the Committee, and pursuant to Rule 36(e), Rules of the Supreme Court of Arizona, filed with the Executive Director in the State Bar office in Phoenix, Arizona, a request for an oral hearing before the Board of Governors.

At the hearing the respondent made a statement on his own behalf, and was questioned at length by the members of the Board of Governors. After the conclusion of the hearing the Board, by the affirmative vote of a majority of its members, affirmed the Committee's findings of fact and recommendations, and recommended to the Supreme Court that as to Count I, the respondent be reprimanded; and as to Count II, the respondent be disbarred.

The record before this Court further shows that following the hearing of the Board of Governors on the 29th of October 1966 and the Board's action there taken, a letter was received from Richard G. Johnson, attorney at law, Mesa, Arizona, advising the Board that the respondent had paid in full the judgment which had been rendered against him in the case of Keith E. Justice, Executor of the Estate of Alice M. Justice v. Sydney Block, Cause No. 174773 in the Superior Court of Arizona, in and for the County of Maricopa. The letter from Attorney Johnson was transmitted to this Court for our consideration.

In In re Russell, 57 Ariz. 395, 114 P.2d 241, we said:

"The protection of the public, not the punishment of the attorney guilty of unprofessional conduct, is the rule by which courts are guided in solving the question whether a member of the Bar should be allowed to continue the practice."

See also, In re Tribble, 94 Ariz. 129, 382 P.2d 237.

Further, it was said in In re Wilson, 76 Ariz. 49, 53, 258 P.2d 433, 436:

"In this jurisdiction it is well settled in matters involving disciplinary proceedings against attorneys for professional misconduct that (1) this court sits as a trier of the issues of fact, as well as law; (2) that the evidence need not necessarily show beyond a reasonable doubt the respondent's guilt of unprofessional practices, but it must be clear and convincing before we should impose a penalty therefor. In re Myrland, 43 Ariz. 126, 29 P.2d 483; In re Sweeney, 51 Ariz. 9, 73 P.2d 1349."

The evidence before us compels the conclusion that the respondent, during the course of his practice, has not proven himself to be worthy of the trust that has been placed in him as an attorney at law. Our responsibility to the public and to the profession of the law dictates that the respondent should be barred from the practice of his profession as an attorney.

It is therefore ordered that the respondent be disbarred.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.