453 P.2d 958

**In the Matter of a Member of the State Bar of Arizona, Francis J. BROWN, Respondent.**

**No. 9492.**

Supreme Court of Arizona.

In Banc.

April 9, 1969.

Charles N. Walters, Phoenix, Chairman District Administrative Committee State Bar of Arizona.

McFARLAND, Justice:

This is a disbarment proceeding based on a multi-count complaint. Francis J. Brown, hereinafter designated as respondent, an attorney at law regularly admitted to practice before this Court, was ordered to appear and show cause why he should not be disciplined for misconduct. On May 28, 1968, a formal hearing was held before the Administrative Committee, District 4-A, of the State Bar of Arizona, hereinafter designated as Committee, at which time witnesses were examined and documentation received. Although the respondent was personally served with process on April 23, 1968, he did not make an appearance, or supply the Committee with any reason why he could not appear on the return date of the order.

The Committee made findings which were filed with the State Bar of Arizona on October 18, 1968, and, pursuant to Rule 35, Rules of the Supreme Court, 17 A.R.S., the respondent and the examiner were no-tified of the findings and recommendations.

The State Bar alleges that it neither received a statement in opposition to the Committee's findings and recommendations nor a statement of the examiner in support of the Committee's recommendations [Rule 36(a), Rules of the Supreme Court, 17 A. R.S.]; and that the respondent made no request, under Rule 36(d), Rules of the Supreme Court, 17 A.R.S., to be heard before the Board of Governors. Thereafter, on December 18, 1968, the Board of Governors affirmed the Committee's findings of fact, and filed with this Court its recommendation that the respondent, Francis J. Brown, be disbarred. The Board of Governors notified the respondent of the filing of the record and recommendation.

The respondent has not, at any time, filed a request to file briefs and make oral argument on the record before this Court, and the time for filing the same has long since expired. Rule 37, Rules of the Supreme Court, 17 A.R.S. While no response was made—either before the Administrative Committee, the Board of Governors, or this Court—as to why the respondent should not be disciplined, it is the duty of this Court to make an independent determination as to whether the evidence of unprofessional conduct was clear and convincing, as we stated in a previous matter involving this respondent, In re Brown, 101 Ariz. 178, 416 P.2d 975, wherein we said:

"The Bar Association of the State of Arizona did not make any finding of facts, but did find 'that the respondent intentionally failed to appear at the trial of which he had ample notice.' We have recognized that evidence of unprofessional conduct by attorneys must be clear and convincing before disciplinary action is taken. In re Rogers, 100 Ariz. 214, 412 P.2d 710; In re Lewkowitz, 70 Ariz. 325, 220 P.2d 229; In re Sweeney, 51 Ariz. 9, 73 P.2d 1349; In re Myrland, 43 Ariz. 126, 29 P.2d 483.

"We have also held that this court is a trier of the ultimate facts. In re Tribble, 94 Ariz. 129, 382 P.2d 237. We have recognized, however, that the recommendations of the Board of Governors should have serious consideration. In re Rogers, supra; In re MacDonald, 56 Ariz. 120, 105 P.2d 1114."

█ The Committee's findings of fact related to seven counts of the order to show cause. In Count I the respondent was charged with slapping and pushing a litigant in the courtroom of the Honorable J. Smith Gibbons, Superior Court in and for the County of Maricopa. This action was alleged to have occurred shortly after the judge left the bench, but the litigant testified before the Committee that he immediately reported the incident to the judge in his chambers. This testimony, however, was uncorroborated. A court reporter, who was present in the courtroom at the time of the alleged occurrence, testified that she did not see the alleged striking and pushing.

█ Count II related to a statement made by the respondent in the course of arguments before Judge Gibbons to which the opposing litigant objected, contending it was derogatory to him and not pertinent to the case. This charge we find completely devoid of merit. Furthermore, it is based on a legal conclusion drawn by the offended party, who is, incidentally, a layman.

█ Under Count III the same litigant as in Counts I and II who was acting as his own attorney claimed the respondent unfairly secured a number of ex parte orders from the courts. Nowhere is there a showing of bad faith, or that the respondent perpetrated a fraud on the judges who issued the orders. It must be assumed that the judges themselves would have taken the proper action had they so found.

The first three counts relate to matters which were under the control of the trial court. Apparently the court did not find sufficient justification to warrant disciplinary action at the time, and we do not find in the record clear and convincing evidence to justify this Court's taking such action now.

Counts IV through VII are of a more serious nature, and the evidence substantially supports the findings of the Bar Committee.

In Count IV the State Bar Committee made a finding that a client had retained respondent to bring suit for the collection of an overdue promissory note. Suit was brought, resulting in a judgment, which before the expiration of five years was renewed. The judgment was largely paid in small installments, but one check of $130.60 was the result of a judgment against a garnishee and was paid to respondent by check, which check respondent endorsed and deposited in his own account without the authority or knowledge of his client. The findings state that respondent's client lost through the unauthorized actions of respondent the sum of $415.34. There has been no reimbursement.

In Count V the Committee found that respondent had been retained to bring a divorce action, and had been paid filing fees to file the action, including an order to show cause for payment of support for the wife and a child. This was done, and a hearing date was set. Respondent failed to inform the client of the date of the hearing. She learned of it weeks thereafter in conversation with her husband. Respondent failed to appear at the hearing himself, and the court ordered the motion to be quashed. Respondent promised to have the order to show cause re-instated, but nothing was done. He thereafter promised to transfer the papers to another attorney, but this too was not done. The client demanded that respondent return the $30 in order that she might retain another counsel, but respondent failed to return the money. Respondent was employed December 1, 1967, and the case remained dormant until May 2, 1968, at which time a motion for substitution of counsel was filed.

Under Count VI the Bar Committee found that respondent accepted a suit on a

**390**

one-third contingency basis for damages resulting from a dog bite. On the day before the trial the attorney for defendant filed an offer for judgment in the amount of $600 which offer was not communicated to the client by the respondent. The trial resulted in a verdict for defendant, and the client was forced to pay costs and jury fees.

In Count VII it was found that respondent, on behalf of a client, filed an action on a contract and performance bond given pursuant to said contract. Respondent failed to use proper expedition and care, and was guilty of gross negligence in the performance of such service, in that interrogatories were propounded to both plaintiffs by defendant's counsel to which respondent failed to reply. Defendant's counsel filed a motion for judgment by default, alleging that he had on two occasions in writing requested answers to the interrogatories, and the court entered an order granting judgment by default.

The parties involved in the foregoing transactions testified before the Committee. There also was testimony by court personnel and bank employees and documentation, in the form of court records, bank records and correspondence, was made part of the record. The proofs presented satisfied the requirement of clear and convincing evidence of the respondent's unprofessional conduct. On prior occasions we have held that conduct by an attorney similar to that set forth above was unconscionable and required disbarment. In re Baker, 102 Ariz. 346, 429 P.2d 665; In re Bixler, 96 Ariz. 59, 391 P.2d 917; In re Fellows, 57 Ariz. 224, 112 P.2d 864.

Our examination of the record substantiates the finding that the respondent is guilty of improper and unethical acts, as set forth in the findings of the Administrative Committee on Counts IV through VII, and "our responsibility to the public and to the profession requires us to order that the respondent be disbarred." In re Steel, 100

Ariz. 411, 415 P.2d 109; In re Rutherford, 68 Ariz. 156, 202 P.2d 904.

It is therefore ordered that the respondent, Francis J. Brown, be and is hereby disbarred from future practice of law in the State of Arizona.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.