453 P.2d 961

**In the Matter of Robert C. KASTENSMITH, a Member of the State Bar of Arizona, Respondent.**

**No. 9535.**

Supreme Court of Arizona.

In Banc.

May 1, 1969.

John R. Franks, Phoenix, Chairman District Administrative Committee State Bar of Arizona.

HAYS, Justice.

This is an original proceeding for disciplinary action based on three complaints alleging unethical misconduct by Robert C. Kastensmith, hereinafter referred to as respondent.

On February 5, 1969 the Board of Governors of the State Bar of Arizona filed recommendations with this court asking that the respondent be suspended from the practice of law for a period of two years. The recommendations and findings of fact of the Board of Governors differed from those of the Administrative Committee in that the Committee had recommended disbarment.

The Administrative Committee had duly notified the respondent of the Order to Show Cause hearing on the three complaints but he failed to appear. Respondent did however send a letter to the Committee which attempted to explain his position. He later filed with the Executive Director at the State Bar office in Phoenix a statement in opposition to the Findings of Fact and Recommendations of the Administrative Committee. Respondent has made no request to file briefs and make oral argument before this court pursuant to Rule 37, Rules of the Supreme Court, 17 A.R.S.

■ Despite the failure of Respondent to oppose this disciplinary action with any vigor this court has a duty to make an independent determination as to whether the evidence of unethical misconduct was clear and convincing. In Re Brown, 104 Ariz. 387, 453 P.2d 958 (filed April 9, 1969).

The Findings of Fact and Recommendation of the Board of Governors are as follows:

COUNT I (No. 180)

Finding: "The Board of Governors finds that there is insufficient evidence to support the complaint."

Recommendation: "This count be dismissed."

COUNT II (No. 198)

Findings: "On or about March 11, 1965, Respondent was retained by Richard A. Waner, Jr., for the purpose of filing a complaint against Farmers Insurance Company as the result of a one car accident.

Respondent did not file a complaint, although he advised Richard A. Waner, Jr., that he had done so. Upon learning that Respondent had not filed the complaint, Richard A. Waner, Jr., requested that Respondent return his file to him. Respondent refused to comply with this request, even though he had advised Richard A. Waner, Jr., that he was no longer practicing law.

The Board of Governors finds that Respondent did not pursue his client's remedies, in violation of Canon 15 of the Canons of Professional Ethics, and A.R. S. § 32–267."

Recommendation: "That Respondent be suspended from the practice of law for two years."

COUNT III (No. 223)

Findings: "On December 4, 1957, Martin Voyteck and Betty, his wife, were involved in an automobile accident near Buckeye, Arizona. Respondent was thereafter engaged by Martin Voyteck and Betty, his wife, as their attorney for the purpose of pursuing their claim or claims.

Respondent assured Martin Voyteck and Betty, his wife, that a complaint had been filed in behalf of Mrs. Betty Voyteck when in truth and in fact none had been filed.

The Board of Governors finds that the Respondent did not pursue his clients' remedies, causing the statute of limitations to bar the relief to which Respondent's clients may have been entitled, all in violation of Canon 15 of the Canons of Professional Ethics, and A.R.S. § 32–267."

**392**

Recommendation: "That Respondent be suspended from the practice of law for two years."

In a disciplinary proceeding this court is the trier of the ultimate facts. In re Brown, 101 Ariz. 178, 416 P.2d 975 (1966); In re Tribble, 94 Ariz. 129, 382 P.2d 237 (1963). An examination of the transcript of record, the letter responses of the respondent, and the exhibits, indicates that the respondent is guilty of conduct which calls for disciplinary action. The respondent has fully and freely admitted the acts alleged in the third count, and this alone is sufficient to warrant the action herein taken.

It is ordered that respondent be and he is hereby suspended from the practice of law in the State of Arizona for a period of two years from the date of the issuance of this opinion.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.