527 P.2d 510
**In the Matter of a Member of the State Bar of Arizona, Stanley KROTENBERG, Respondent.**
No. SB–50.

Supreme Court of Arizona, En Banc.
Oct. 25, 1974.

Eugene J. Lane, Tucson, for State Bar of Ariz.

Chandler, Tullar, Udall & Richmond, by Joseph R. McDonald, Tucson, for respondent.

HAYS, Chief Justice.

The Findings of Fact and Recommendation of the Board of Governors, as hereinafter quoted, sets out the facts and issues in this matter:

"I.

"That the above-named respondent was appointed as guardian for Mrs. Marie L. Barber in the fall of 1971 and has acted in that capacity to date.

"II.

"That while acting in his capacity as guardian for Marie L. Barber and in his capacity as her attorney, respondent drafted for Mrs. Barber her Last Will and Testament; that on or about March 6, 1972, Marie L. Barber did, in fact, execute said Will, 'copy of a copy' which was given to Mrs. Barber, at her insistence, by respondent in mid-July of 1972.

"III.

"That said Will stated that Stanley Krotenberg was Mrs. Barber's 'only friend' and bequeathed the sum of TWENTY THOUSAND ($20,000.00) DOLLARS to Mrs. Waly Krotenberg, respondent's wife, IN TRUST for Marshall Krotenberg, respondent's son, for the purpose of his college education. That the Will provided that the balance of Mrs. Barber's estate was to be left to respondent to 'distribute said funds for the benefit of young people in need of monies for the furtherance of their education'.

"IV.

"That the Board of Governors finds that the provisions in paragraph IV of the March 6, 1972, Will were inconsistent with and in excess of her expressed intentions and that the $20,000.00 bequest therein was set forth without her knowledge.

"V.

"That on or about August 7, 1972, respondent prepared for Marie L. Barber's execution a second Will which purports to 'give, devise and bequeath everything I own to Stanley Krotenberg to distribute funds to orphan children of Tucson, Arizona'. That this Will was both prepared and executed after the initiation of legal proceedings entitled 'In the Matter of the Guardianship of the Person and Estate of Marie L. Barber, Case No. 47146, in the Superior Court of the State of Arizona, in and for the County of Pima.'

"FINDING

"The Board of Governors finds that the preparation of the aforementioned Wills by respondent wherein he, along with members of his family, were named as beneficiaries is inconsistent and in direct conflict with respondent's fiduciary duty to Marie L. Barber as her Guardian and Attorney. That such conduct constitutes a violation of Supreme Court Rule 29(a) and (b), [17 A.R.S.] Arizona Revised Statutes 32–267, Canon 5 of the Code of Professional Responsibility, as adopted by the Arizona Supreme Court 1971, specifically, Disciplinary Rule 5–101 and, more specifically, Articles 5–5 and 5–6 and Canon 1 of the Code of Professional Responsibility, Disciplinary Rule 1–102(a), (1), (4), (5) and (6).

"RECOMMENDATION

"That Respondent STANLEY KRO-TENBERG be suspended for a period of six (6) months.

. . ."

The respondent, Stanley Krotenberg, objected to the Findings of Fact and Recommendation of the Board of Governors. Briefs were filed and oral argument was heard by this court.

The respondent admits the pertinent facts in the Findings but objects to the inferences drawn therefrom. He candidly admits that under the circumstances here he is peculiarly susceptible to the charge of undue influence and that he should have urged Miss Barber to seek the advice and assistance of another lawyer. Respondent contends, however, that he is pure in heart and therefore should not be made to suffer for something which amounts to merely poor judgment.

We regret that we have no device for measuring purity of heart and must arrive at our decision on the basis of the facts presented to us. We are concerned not only with evil but the appearance of evil as well. An examination of the record, including the numerous exhibits, shows a course of conduct which cannot be condoned by this court. The evidence is clear and convincing. In re Wilson, 106 Ariz. 34, 470 P.2d 441 (1970). We have an obligation to protect the public from this sort of activity. In re MacDonald, 56 Ariz. 120, 105 P.2d 1114 (1940).

Respondent urges that the six months' suspension recommended by the Board of Governors is excessive. We note that the Administrative Committee's recommendation was twelve months. We consider the six months' suspension as the bare minimum which should be given.

The respondent, Stanley Krotenberg, is suspended from the practice of law for six months commencing fifteen (15) days from the issuance of the mandate of this court.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.